IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| MARTIN FRANCISCO SALAZAR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 112-144 |
| | ) | |
| MCGILLICUDDY WORKS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

# ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed (doc. no. 15).[1] Plaintiff, who is proceeding *pro se* and *in forma pauperis* ("IFP"), commenced this case by submitting a complaint in which he attempted to assert claims of employment discrimination and retaliation. (See doc. no. 1.) Because he is proceeding IFP, Plaintiff's original complaint was screened pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) & (ii), and the Magistrate Judge directed Plaintiff to file an amended complaint based on pleading

---

[1] As discussed in greater detail infra, Plaintiff's objections contain a motion for a more definite statement under Fed. R. Civ. P. 12(e) and a motion for leave to amend his complaint under Fed. R. Civ. P. 15(a). Thus, two identical filings were entered on the docket separately as the two motions (see doc. nos. 14-1, 14-2) and as Plaintiff's objections to the Report and Recommendation (see doc. no. 15.)

deficiencies in his original complaint.[2] (See doc. no. 9.) Moreover, the Magistrate Judge provided Plaintiff with instructions about the information required to state a viable claim, and informed Plaintiff that his amended complaint would supersede his original complaint in its entirety and would be the document reviewed by the Court to determine if Plaintiff stated any viable claims. (See id.)

Plaintiff returned with an amended complaint, in which he again attempted to raise claims alleging employment discrimination and retaliation. (See doc. no. 10.) Plaintiff's amended complaint was screened pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) & (ii), and the Magistrate Judge recommended that Plaintiff's case be dismissed for failure to state a claim for employment discrimination or retaliation based on disability, age, or race pursuant to Title VII, the Americans with Disabilities Act, or the Age Discrimination in Employment Act. (See generally doc. no. 12.) Plaintiff now objects to the Magistrate Judge's recommendation. (Doc. no. 15.) Although Plaintiff's objections are without merit and thus do not warrant an in-depth discussion, the Court will briefly address their shortcomings on a general level.

Plaintiff devotes the majority of his lengthy objections, which are rife with incorrect propositions concerning legal procedures and standards, to arguing in a markedly conclusory and unsupported manner that the Magistrate Judge erred in his analysis of Plaintiff's

---

[2]In particular, the Magistrate Judge found Plaintiff's original complaint was deficient because, aside from the conclusory allegation that he had suffered "purposeful and continuing discrimination" based on his "race/national origin," Plaintiff provided no factual information concerning his claims. (See doc. no. 10, p. 3 (quoting doc. no. 1, pp. 2-4).)

2

amended complaint. (See doc. no. 15.) In doing so, Plaintiff appears to argue – incorrectly – that he need not advance any sort of factual background in order to ensure that his complaint survives the screening process, and he makes continual reference to motions that have not been filed in this case, including, for instance, a Rule 12(b)(6) motion to dismiss (id. at 3) and a motion for summary judgment (id. at 5). Moreover, and most importantly, Plaintiff makes absolutely no effort to proffer any additional information concerning his claims. Rather, Plaintiff seems to argue that he need not provide more factual information, either because his Equal Employment Opportunity Commission ("EEOC") "complaint" and right to sue letter provide that information, or because Plaintiff has already provided it himself in his amended complaint.[3] (Id. at 3, 6.) Neither argument is availing.

Having addressed Plaintiff's objections to the Magistrate Judge's analysis, the Court turns to Plaintiff's motion for leave to amend his complaint. (See doc. no. 14-1.) As a general rule, leave to amend under Fed. R. Civ. P. 15(a) is given freely.[4] Foman v. Davis,

---

[3]Plaintiff states that his EEOC "complaint" shows that he "is under a protected class and has qualified as such under color of law." (Doc. no. 15, p. 3.) No such EEOC "complaint" was included with Plaintiff's amended complaint, however, nor did Plaintiff include it with his objections. More problematically, and consistent with the tone of his objections, Plaintiff still fails to actually state *how* this "complaint" shows he is a member of a protected class, and instead just baldly asserts that it does. Moreover, though Plaintiff refers to his right to sue letter, as the Magistrate Judge noted, Plaintiff failed to include the letter with his amended complaint despite being specifically instructed to do so, and, in any event, did not refer to the EEOC letter in his amended complaint as providing any facts relevant to any of his attempted claims. (See doc. no. 12, p. 3 n.3.) To that end, Plaintiff also fails to specify here what facts are contained in the EEOC letter that would undermine the Magistrate Judge's analysis.

[4]The Court is aware that the Federal Rules of Civil Procedure authorize a plaintiff to amend his complaint once as a matter of course without leave of court, within 21 days of

3

371 U.S. 178 (1962). That said, leave to amend is not guaranteed, and the decision on whether to grant a motion to amend is within the sound discretion of the trial court. Addington v. Farmer's Elevator Mut. Ins. Co., 650 F.2d 663, 666 (5th Cir. Unit A July 1981).[5] "In making this determination, a court should consider whether there has been undue delay in filing, bad faith or dilatory motives, prejudice to the opposing parties, and the futility of the amendment." Local 472, United Ass'n of Journeymen & Apprentices of the Plumbing & Pipefitting Ind. v. Georgia Power Co., 684 F.2d 721, 724 (11th Cir. 1982) (quoting Foman, 371 U.S. at 182).

The Court is also mindful that "where a more carefully drafted complaint might state a claim," *pro se* litigants, such as Plaintiff, must generally "be given at least one chance to amend the complaint" before the court dismisses the action. Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001) (*per curiam*) (quoting Bank v. Pitt, 928 F.2d 1108, 1112 (11th Cir. 1991)) (emphasis added). Courts are not required to give plaintiffs endless opportunities

---

serving it or being served with a responsive pleading. See Fed. R. Civ. P. 15(a). Notably, however, Plaintiff has filed a motion to amend and has thus, according to the Eleventh Circuit, "waived the right to amend as a matter of course" and provided the Court with the discretion to rule on the motion under Rule 15(a). Coventry First, LLC v. McCarty, 605 F.3d 865, 869-70 (11th Cir. 2010) (*per curiam*). Moreover, it appears Plaintiff may not be entitled to amend as a matter of course regardless because he has already amended his complaint once at the Court's direction. See Bingham v. Morales, CV 311-019, 2011 WL 5358594, at *2 (S.D. Ga. Nov. 4, 2011) (noting that Rule 15 does not differentiate between "self-initiated amendments and amendments directed by a court to remedy pleading deficiencies."). Thus, Plaintiff must obtain leave of court to amend.

[5]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

to amend, however. See Laurent v. U.S. Tr., 196 F. App'x 740, 744 (11th Cir. 2006) (*per curiam*) (noting that district court did not abuse its discretion in failing to give *pro se* plaintiff leave to file a second amended complaint, in part, because it had already given the plaintiff "one opportunity to amend his complaint and was not required to give him a second chance").

Here, Plaintiff was already given an opportunity to cure the deficiencies in his complaint, and he was specifically instructed on the type of information he was required to provide to state a viable claim. (See generally doc. no. 9.) Moreover, Plaintiff was advised that his amended complaint would supersede his original complaint in its entirety, and that his amended complaint would be operative pleading that the Court would screen to determine if he stated any claims. (See id., pp. 5-6.) Having been given these specific instructions, Plaintiff submitted an amended complaint that was virtually devoid of factual detail, save one sentence. (See doc. no. 10, p. 2.)

Plaintiff's failure to effectively seize his first opportunity to amend his complaint could perhaps be overlooked, but Plaintiff, having been told in detail in the R&R why his amended complaint was insufficient, fails to explain *how* he intends to amend his complaint. Instead, Plaintiff explains at length – erroneously – why he was not required to provide any further factual detail about the claims he was attempting to assert in his amended complaint. "A motion for leave to amend," however, "should either set forth the substance of the proposed amendment or attach a copy of the proposed amendment." Long v. Satz, 181 F.3d

1275, 1279 (11th Cir. 1999). Here, Plaintiff gives no indication of what new allegations he seeks to make, nor has he submitted a copy of the proposed second amended complaint. On that basis alone, Plaintiff's motion to amend is due to be denied. See United States ex. rel. Atkins v. McInteer, 470 F.3d 1350, 1362 (11th Cir. 2006) (affirming district court's denial of request for leave to amend complaint where "the plaintiff failed to attach the proposed amendment or set forth the substance of the proposed amendment.")

In short, because Plaintiff has already been given an opportunity to amend his complaint once and been instructed how to do so, and because he has failed to explain in the instant motion how he proposes to amend his complaint a second time, his motion for leave to amend is **DENIED**.[6] (Doc. no. 14-1.) Moreover, as discussed earlier, Plaintiff's objections provide no grounds for departure from the Magistrate Judge's recommendation that his complaint be dismissed.[7] Accordingly, Plaintiff's objections are **OVERRULED**,

---

[6] Plaintiff has also puzzlingly filed a motion for a more definite statement under Fed. R. Civ. P. 12(e). (Doc. no. 14-2.) Under Rule 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Here, the only pleadings in the record aside from Plaintiff's complaint and amended complaint are Defendant's answers. (Doc. nos. 6, 11.) As the Magistrate Judge previously noted, however, both answers were essentially nullities since the Court had not yet directed service of Plaintiff's complaint or amended complaint. (See doc. no. 9, p. 2; doc. no. 12, p.1, n.1.) In any event, "a plaintiff faced with an insufficient answer cannot move for a more definite statement." Jackson v. City of Centreville, 269 F.R.D. 661, 663 (N.D. Ala. 2010). Accordingly, the motion is **DENIED**. (Doc. no. 14-2.)

[7] Any objections not specifically addressed in this Order are likewise without merit and do not warrant further discussion. The Court notes, however, that Plaintiff also requests the recusal of the Magistrate Judge. First, Plaintiff contends that the Magistrate Judge held Plaintiff to a "higher standard" and stated he "should 'know' the law" because of a pleading by Plaintiff in a case from 2006. (See doc. no. 15, p. 8.) The Magistrate Judge did reference Plaintiff's prior litigation in an Order dated October 10, 2012, in which he denied a nonsensical

and the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, Plaintiff's amended complaint is **DISMISSED** for failure to state a claim upon which relief may be granted, Plaintiff's state law claims are **DISMISSED** without prejudice, and this civil action is **CLOSED**.

SO ORDERED this 17th day of January, 2013, at Augusta, Georgia.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

motion to proceed IFP that altogether failed to comply with the Court's rules, and noted that "Plaintiff should, by this point, be familiar with the rules of the Court." (See doc. no. 4, p. 2 n.2.) Nowhere in his analysis in the R&R, however, did the Magistrate Judge so much as suggest that Plaintiff was held to a higher *pleading standard* because of any prior litigation.

Plaintiff also requests recusal because he never "knowingly consented to a Magistrate Judge." (See doc. no. 15, p. 8.) Pursuant to Loc. R. 72.3(a), however, Magistrate Judges are authorized to hear certain matters without the need for consent and to subsequently issue reports and recommendations to the District Judge concerning the same. Loc. R. 72.3(b) then provides the opportunity for any party to file written objections to the Magistrate Judge's reports and recommendations, as Plaintiff has done here. That is, absent the consent of the parties, a Magistrate Judge does not have the authority to rule on dispositive matters; rather, a Magistrate Judge issues reports and recommendations which may be adopted, modified, or rejected by the presiding District Judge. See 28 U.S.C. § 636; see also Loc. R. 72.3. The decision to dismiss a case is always ultimately made by a District Judge, not a Magistrate Judge. In sum, and especially in consideration of the fact that Plaintiff has failed to comply in any way with the requirements of 28 U.S.C. § 144 – which establishes that a party seeking recusal of a judge must submit a signed affidavit stating the factual basis for an alleged bias on the part of the judge per 28 U.S.C. § 455, as well as a certificate of counsel of record – Plaintiff has fallen far short of demonstrating that Judge Barfield should be precluded from participating in this case.